OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and plaintiffs’ cross appeal should be dismissed.
CPLR 3216 (subd [a]) authorizes a court to dismiss a complaint "on the merits” when it. finds that a party has unreasonably neglected to prosecute his claim. Contrary to the view expressed by the Appellate Division in this case, there is no requirement that the dismissing court in all cases consider *973 the evidentiary support for the claim before determining whether the dismissal should be "on the merits”, nor that the motion papers explicitly so request. As we stated in Headley v Noto (22 NY2d 1, 4): "It certainly should be within the power of a trial court to dispose of a case 'on the merits and with prejudice’ where it has been adequately demonstrated that a plaintiff unreasonably neglected to prosecute an action. It is well recognized that the power to control its calendar is a vital consideration in the administration of the courts”.
Under the facts presented in this case, there was no abuse of discretion in Special Term’s decision to specify in its order that the dismissal was "on the merits”, particularly in view of plaintiffs’ prolonged neglect of their case. Since the Appellate Division’s determination was based upon its erroneous assumption that Special Term’s actions were improper as a matter of law, its order vacating the default judgment and substituting therefor a second default judgment with the term "on the merits” deleted must be reversed. We add only that, in light of our resolution of this issue, we do not find it necessary to consider the propriety of utilizing the mechanism of a motion to vacate pursuant to CPLR 5015 as a means of requesting a substantive revision of the terms of an otherwise valid default judgment (cf. Herpe v Herpe, 225 NY 323; Horan v Town of Brookhaven, 29 AD2d 563).
Plaintiffs’ cross appeal from so much of the order of the Appellate Division as imposed costs upon their attorney as a condition to the relief granted by that court is dismissed on the ground that no appeal as of right lies from a modification made in the exercise of the Appellate Division’s discretionary power, absent a claim that the modification was unauthorized or constituted an abuse of discretion as a matter of law (Patron v Patron, 40 NY2d 582; see Cohen and Karger, Powers of the New York Court of Appeals, pp 605-606).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
On defendants’ appeal: Order, insofar as appealed from, reversed, with costs, and the order and the judgment of Supreme Court, Jefferson County, reinstated.
On plaintiffs’ cross appeal: Cross appeal dismissed, without costs.