■ VEREESE HOLLEY, an Infant, by His Father, CORNELIUS HOLLEY, et al., Respondents, v MANDATE REALTY CORP., Appellant.—Order, Supreme Court, Bronx County (Irwin M. Silbowitz, J.), entered March 21, 1985, denying defendant's motion for summary judgment dismissing the complaint on the ground of res judicata, affirmed, without costs or disbursements.

On this record, we agree that res judicata is not available as a defense to plaintiffs' second action, alleging essentially the same cause of action for negligence interposed in the first complaint, which was dismissed for failure to prosecute pursuant to CPLR 3216 (a). The dismissal was not on the merits and, since the applicable Statute of Limitations was tolled during the infancy of the plaintiff, this did not constitute a bar to commencement of a new action for the same relief.

On June 15, 1979, Vereese Holley, then 10 years of age, was injured when he tripped and fell through a second-floor window at premises owned, maintained and controlled by defendant, at 1311 College Avenue in The Bronx. As a result, it is alleged that the infant suffered a fracture of the left orbit of the skull, with accompanying traumatic conjunctivitis, discomfort and loss of vision; multiple lacerations of the face and head, which resulted in scarring; a contusion of the first and second left teeth; a brain concussion, which caused headaches, dizziness and retrograde amnesia; and severe emotional distress.

A personal injury action was commenced on September 8, 1980 and issue was joined on February 4, 1981. Thereafter, on October 5, 1981, defendant requested that the infant be made

available for a physical examination and, on January 21, 1982, moved to compel such examination. The pro forma motion, utilizing printed forms, was returnable February 18, 1982 and granted by Justice Callahan without opposition, the court directing plaintiff to submit to an examination on a date and time to be agreed upon by the parties, no later than April 12, 1982.

Prior and subsequent to the return date, plaintiffs' attorneys sent mailgrams to the plaintiffs, advising them to contact counsel. As a result, counsel learned that plaintiffs had moved, without a forwarding address. Numerous other attempts were made to contact plaintiffs by letters and telephone.

On May 13, 1982, one month after the outside date for the physical, defendant again moved to dismiss, alleging a willful failure to comply with the prior order. Justice Silbowitz granted the contested motion to the extent of precluding plaintiffs from testifying as to his injuries unless there was compliance with the prior order within 45 days. The order, dated June 10, 1982, was served June 23, 1982.

On August 20, 1982, only eight days after expiration of the 45-day period, defendant once again moved to dismiss. The contested motion was granted by Justice Mercorella *only* to the extent of directing the infant to submit to a physical at least 10 days before a note of issue was filed and providing that, should counsel locate the plaintiffs "sooner", the other parties were to be notified so that a date for the examination could be fixed. Contrary to the interpretation expressed by the dissent, Justice Mercorella's order, which superseded the prior order of Justice Silbowitz, was not an order of preclusion in form or substance.

As a result, on January 12, 1983, defendant embarked upon a new and different course by serving a 90-day notice and, on May 17, 1983, one month after expiration of the 90-day period, moved to dismiss for neglect to prosecute. The motion, returnable June 14, was conditionally granted by Justice Callahan, unless the case was noticed for trial within 60 days. The order, dated August 1, 1983, was served August 17, and, on October 24, 1983, three days after expiration of the 60-day period, defendant moved to dismiss for the failure to place the case on the calendar. Justice Cotton granted the motion on default by order dated February 2, 1984 and served March 6, 1984.

One month later, on April 14, 1984, the present action was

commenced to recover for the same personal injuries sustained by the now 15-year-old infant. The answer included a defense of *res judicata,* the sole issue on this appeal.

In our view, Special Term properly denied the motion to dismiss, holding that res judicata was not a defense since the first action was dismissed for failure to prosecute, a disposition which was not on the merits and was without prejudice under CPLR 3216 (a). CPLR 3216 (a) expressly provides that, "[u]nless the order specifies otherwise, the dismissal [for want of prosecution] is not on the merits." Nor does it preclude the commencement of another action on the same cause of action, instituted within the applicable period of limitations *(see, Gundershein v Bradley-Mahony Coal Corp.,* 295 NY 539, 540-541; 9 Carmody-Wait 2d, NY Prac § 63:224, at 232-233; Siegel, NY Prac §§ 444-446, at 589-591).

In concluding otherwise, our dissenting colleague misinterprets the record in finding that the second action was brought "to circumvent two orders of preclusion" and that an unconditional dismissal is equivalent to a dismissal on the merits for res judicata purposes. Contrary to the dissent's conclusion, the order of Justice Mercorella was not an order of preclusion and the unconditional dismissal by Justice Cotton was not on the merits. While the dissent refers to "a persistent pattern of neglect" by plaintiffs or their attorneys, this overlooks the fact that during the period when counsel was unable to ascertain the whereabouts of the plaintiffs, who had moved (a fact made known to the defendant), appellant embarked upon a series of motions, presumably to make a record to dismiss for the infant's failure to appear for a physical examination.

The dissent's reliance upon *Strange v Montefiore Hosp. & Med. Center* (59 NY2d 737, *affg* 91 AD2d 507) and *Barrett v Kasco Constr. Co.* (56 NY2d 830) is misplaced. Unlike those cases, the dismissal of the first action here was not based upon a preclusion order or grant of summary judgment but was a dismissal for neglect to prosecute—in not placing the case on the calendar within a certain period of time—not on the merits and, therefore, did not bar commencement of the second action for the same relief *(see, Maitland v Trojan Elec. & Mach. Co.,* 65 NY2d 614, 615-616).

*Jones v Maphey* (50 NY2d 971) and *Headley v Noto* (22 NY2d 1), relied upon by the dissent, are clearly distinguishable since, in each case, the dismissal was expressly "on the merits". Unlike those cases, the orders in our case did not so specify. Neither the order of Justice Callahan, conditionally

dismissing unless the case was placed on the calendar within 60 days, nor the subsequent order of Justice Cotton, which dismissed the first complaint, reached the merits of the underlying controversy so as to invoke the doctrine of res judicata. Inasmuch as the Statute of Limitations had been tolled as a result of plaintiff's infancy, the dismissal for want of prosecution did not bar commencement of a new action within the applicable period of limitations.

This has been settled law in this State, reconfirmed by the Court of Appeals within the last year in *Maitland v Trojan Elec. & Mach. Co. (supra).* In that case, plaintiff failed to comply with an order directing service of answers to interrogatories and, as a result, the complaint was dismissed. The dismissal order, however, did not indicate whether the disposition was on the merits. Thereafter, plaintiffs commenced a second action based on the identical causes of action alleged in the first action. Special Term's denial of defendant's motion to dismiss on the ground of res judicata was reversed by the Appellate Division, Second Department (102 AD2d 845), but the Court of Appeals reinstated the complaint. It held that the dismissal did not operate to bar commencement of a new action and distinguished both *Strange (supra)* and *Barrett (supra),* where the second action amounted to an attempt to circumvent an order of *preclusion* or *summary judgment.* The court's holding in *Maitland* is most instructive in this case: "Where, as here, a dismissal of a cause of action occurs prior to the close of proponent's evidence, the dismissal will not be deemed on the merits so as to preclude the commencement of a second action. (CPLR 5013.) This is not a case such as *Strange v Montefiore Hosp. & Med. Center* (59 NY2d 737) where plaintiff's second action constituted an attempt to circumvent an order of preclusion or summary judgment, the function of which is to effectively foreclose proponent's offer of proof. *(See also, Barrett v Kasco Constr. Co.,* 56 NY2d 830.) Where a plaintiff's noncompliance with a disclosure order does not result in a dismissal with prejudice, or an order of preclusion or summary judgment in favor of defendant so as to effectively close plaintiff's proof, dismissal resulting from the noncompliance is not a merits determination so as to bar commencement of a second action." (65 NY2d, at pp 615-616.)

Unlike our case, the dismissal of the first action in both *Strange (supra)* and *Barrett (supra)* resulted from a grant of summary judgment based upon a preclusion order, the Court of Appeals concluding that, although the orders did not recite that they were on the merits, they were entitled to res

judicata effect "to prevent the plaintiff from circumventing the preclusion decree" *(Barrett v Kasco Constr. Co., supra,* at p 831).

Here, however, the dismissal was for the failure to place the case on the calendar. Clearly, this was a dismissal for want of prosecution and, by the terms of the order, was, therefore, not on the merits. The fact that the court dismissed the first action "unconditionally" meant just that—there was no condition attached to the dismissal and was not equivalent to a dismissal on the merits, as the dissent assumes. Nor is it relevant that no appeal was taken from the order of Justice Cotton since that order, entered "on default", was not appealable in any event.

Thus, the policy considerations which led to the results in *Strange (supra)* and *Barrett (supra)* are not present here. Rather, the situation here is akin to that in *Maitland (supra),* where plaintiff's noncompliance with a disclosure order was held not to be a determination on the merits so as to bar reinstitution of a second action. In our view, *Maitland* is dispositive and, taking into account the infancy of the injured plaintiff, the second action was still timely and not barred by the prior dismissal of the first action for failure to prosecute (CPLR 3216 [a]; *Maitland v Trojan Elec. & Mach. Co., supra; Matter of Commissioner of Social Servs. of Erie County v Hargrove,* 84 AD2d 946; *Medical Health Servs. v Fountain Center Corp.,* 52 AD2d 621). Concur—Sandler, J. P., Asch, Fein and Kassal, JJ.

Ross, J., dissents in a memorandum as follows: After reviewing the record, I find Special Term erred. Accordingly, I would reverse and grant defendant's motion for summary judgment to dismiss the instant complaint, upon the basis of the doctrine of res judicata.

At approximately 3:30 P.M. on June 15, 1979, Vereese Holley (infant), who was approximately 10 years old at that time, allegedly severely injured his head, *inter alia,* when he fell through a window in a stairwell, located on the second floor in 1311 College Avenue, Bronx County. The defendant Mandate Realty Corp. owned the premises where this alleged accident took place.

Subsequently, in September 1980, Mr. Cornelius Holley (Mr. Holley), who is the infant's father, commenced, on behalf of the infant and himself, an action against defendant to recover damages for the infant's injuries. The plaintiffs, in their 1980 complaint, alleged, *inter alia,* that the infant was injured as a

result of the negligence of the defendant in maintaining the subject premises. In response, defendant served its answer and demanded a bill of particulars, which plaintiffs furnished in September 1981.

Following receipt of this bill of particulars, counsel for defendant, in a letter dated October 5, 1981 to counsel for plaintiffs, requested that the infant submit to a physical examination. The plaintiffs did not comply with this request. Thereafter, the defendant moved three times for a court order to obtain that relief.

As a result of defendant's motions, the plaintiffs' attorneys were directed, on three separate occasions, by Supreme Court Justices Alfred J. Callahan (order dated March 10, 1982), Irwin Silbowitz (order dated June 10, 1982), and, Anthony J. Mercorella (order dated September 15, 1982), to submit the infant plaintiff for a physical examination. It is undisputed that plaintiffs failed to obey those orders.

On January 12, 1983, the defendant served counsel for the plaintiffs with a 90-day notice, pursuant to CPLR 3216. Thereafter, when the plaintiffs, for approximately five months, took no steps to proceed with the prosecution of their action, the defendant moved pursuant to CPLR 3216, for an order of dismissal. By order dated August 1, 1983, Justice Callahan, in substance, conditionally granted defendant's motion to dismiss for failure to prosecute, unless plaintiffs placed this matter "upon the trial calendar within 60 days after service of a copy of this order with notice of entry". This conditional dismissal order of Justice Callahan specifically makes reference to Justice Mercorella's order, mentioned *supra*, which precluded plaintiffs from filing a note of issue until the physical examination was accomplished. In pertinent part, Justice Callahan stated: "Justice Mercorella's decision did not intend that this action could be kept off the calendar indefinitely or until the physical examination of the infant was held as such construction would render the rules of procedure in the prosecution of infant's actions substantially different from other actions. The decision was obviously based upon the holding of a physical within a reasonable time."

In view of the fact that plaintiffs, subsequent to their counsel being served with Justice Callahan's August 1, 1983 order, did not respond to it, once again defendant moved to dismiss the action. Thus, by order dated February 2, 1984, Justice Wallace R. Cotton unconditionally granted that motion, and dismissed the complaint, due to plaintiffs' failure to

comply with the subject order of Justice Callahan. In pertinent part, Justice Cotton stated:

"The defendant * * * having moved this Court for an order dismissing plaintiff's *[sic]* complaint outright for failure to comply with Justice Callahan's order dated August 1, 1983 * * *

"ORDERED, that the said motion be granted and it is further

"ORDERED, that the within action be and the same is hereby unconditionally dismissed against defendant * * * and the Clerk is directed to enter judgment accordingly".

The record unequivocally indicates that plaintiffs neither submitted any opposition to the motion submitted to Justice Cotton nor did they appeal his disposition.

Thereafter, on or about April 14, 1984, plaintiffs commenced, by the service of a summons and complaint, a second action against defendant concerning the infant's alleged accident of June 15, 1979.

Based upon my comparison of the dismissed first 1980 complaint with this second 1984 complaint, I find that the first and second complaints: contain the same allegations of negligence against defendant; contain the same claims of injuries by the infant plaintiff; and, seek the same amount of damages for the infant's injuries.

After answering this second complaint, the defendant moved, pursuant to CPLR 3212, for summary judgment upon the ground, *inter alia,* of the doctrine of res judicata. Plaintiffs opposed defendant's motion, on the grounds that, *inter alia,* Justice Cotton's order dismissing the first complaint was allegedly without prejudice and not on the merits. Special Term (Irwin Silbowitz, J.), denied this motion.

I disagree.

As mentioned *supra,* Justice Cotton unconditionally dismissed plaintiffs' first complaint, pursuant to CPLR 3216, for failure to prosecute, and directed the clerk to enter a judgment to that effect.

Almost 20 years ago, the Court of Appeals held in *Headley v Noto* (22 NY2d 1, 4 [1968]), in pertinent part, that: "It certainly should be within the power of a trial court to dispose of a case 'on the merits and with prejudice' where it has been adequately demonstrated that a plaintiff unreasonably neglected to prosecute an action. It is well recognized that the power to control its calendar is a vital consideration in the administration of the courts. (Cf. *Thomas* v. *Melbert Foods,* 19 N Y 2d 216.) Indeed, a litigant should be prevented from

repeatedly bringing his claim into court, thereby harassing the other parties involved and clogging the court's calendar". More than a decade later, in *Jones v Maphey* (50 NY2d 971, 973 [1980]), a unanimous Court of Appeals cited with approval the holding in *Headley v Noto (supra).* Even though one of the plaintiffs was an infant, the Court of Appeals decided in *Jones v Maphey (supra,* at p 973) that it was not an abuse of discretion for Special Term to dismiss the complaint on the merits, pursuant to CPLR 3216, "in view of plaintiffs' prolonged neglect of their case".

Analysis of Justice Cotton's order indicates that neither the words "on the merits" nor the words "with prejudice" nor the words "without prejudice" are contained within it. However, Justice Cotton did use the word *"unconditionally"* in his order to describe the dismissal of the action, and did direct the clerk to enter a judgment to that effect. In my opinion, based upon the facts of the instant case, it would be to exalt form over substance to argue that Justice Cotton's use of the word *"unconditionally"* did not clearly imply that his dismissal of the action was not on the merits (emphasis added).

Moreover, I find that the facts, set forth as follows, indicate a persistent pattern of neglect in the prosecution of this case by either the plaintiffs or their counsel: the plaintiffs failed to comply with three orders to produce the infant plaintiff for a physical examination; the plaintiffs also failed to comply with an order to place the 1980 action on the Trial Calendar; the counsel for the plaintiffs did not oppose defendant's motion to dismiss the 1980 complaint, which motion was granted by Justice Cotton; and, the counsel for the plaintiffs did not appeal Justice Cotton's disposition of that motion.

In their affirmation, dated January 30, 1985, submitted in opposition to defendant's motion for summary judgment to dismiss the second 1984 complaint, the counsel for plaintiffs assert, at page 2 of that affirmation, in pertinent part: "Plaintiffs' counsel were unable to produce the infant for said physical examination as the plaintiff had moved from this State and had not left a number or forwarding address with us. Numerous attempts to contact them by mail, telephone and telegrams were unsuccessful. (Copies of Three (3) separate telegrams addressed to the plaintiffs are annexed hereto and made a part hereof as Exhibit 'B')]".

I have examined the three telegrams referred to *supra,* and I find that each one was sent in 1982. Other than this 1982 evidence of attempts to contact plaintiffs, I am unable to find any objective evidence in the record on appeal that supports

the contention of counsel for the plaintiffs that they have made any further effort to contact plaintiffs. For example, although counsel for the plaintiffs mention attempts to contact plaintiffs by telephone and the mail, these counsel do not set forth either a list of the dates of such telephone calls or copies of any letters sent to plaintiffs.

The mere fact that one of the plaintiffs herein is an infant does not mean that the complaint cannot be dismissed on the merits for failure to prosecute the action, when, as in the instant case, there is "prolonged neglect of [the] case" *(Jones v Maphey, supra,* at p 973).

In deciding this case, I cannot ignore the obvious fact that, by commencing the second action in 1984, the plaintiffs are attempting to circumvent two orders of preclusion, and a dismissal order, in which Justice Cotton directed the clerk to enter judgment to that effect, which orders were all addressed to the complaint in the first action. As mentioned *supra,* in 1982, Justices Silbowitz and Mercorella directed that the infant plaintiff be produced by plaintiffs for a physical examination. Inspection of those two orders indicates that: (a) Justice Silbowitz's order, dated June 10, 1982, stated, in pertinent part, that: "plaintiffs are *precluded* from testifying as to the physical injuries allegedly sustained in this incident unless they comply with the order [directing that infant plaintiff be examined]" (emphasis added); and, (b) Justice Mercorella's order, dated September 15, 1982, stated, in pertinent part, that the infant plaintiff must: "appear for physical examination at the office of defendant's doctor at least 10 days *prior to filing a note of issue"* (emphasis added).

In view of these orders of preclusion, I find applicable this court's unanimous decision in *Strange v Montefiore Hosp. & Med. Center* (91 AD2d 507 [1st Dept 1982], *affd* 59 NY2d 737 [1983]). This court stated, in pertinent part, in the *Strange* case: "An earlier medical malpractice action was dismissed on a grant of summary judgment based on a preclusion order which had been granted because of plaintiff's failure to serve a bill of particulars. The order of dismissal did not state that it was 'on the merits'. No appeal was taken from that determination. Instead, five months later, plaintiff commenced a second malpractice action, identical to the first. Defendant's answer interposed the affirmative defenses of Statute of Limitations and *res judicata.* Special Term denied its motion to dismiss on the [ground of res judicata] * * * We disagree * * * [T]he motion turns on *res judicata* considerations. In a similar set of circumstances *(Barrett v Kasco Constr. Co.,* 56

NY2d 830, 831), the Court of Appeals has held that 'although the prior judgment * * * does not specifically recite that it is "on the merits", that judgment should be given *res judicata* effect in order to prevent the plaintiff from circumventing the preclusion decree'. We believe that *Barrett* is dispositive here."

The facts of the instant case are similar to the facts in the *Strange* case *(supra).* For example, in both cases, as mentioned *supra:* there were preclusion orders; the dismissal orders did not use the words "on the merits"; the respective defendants did not appeal the dismissal orders; a second action was started, which, in substance, contained the same allegations as the first action; and, the defendant in the instant case, like the defendant in the *Strange* case, asserted the affirmative defense of res judicata in its answer to the second action. Although in the instant case the dismissal order and direction to the clerk to enter judgment to that effect were in response to a motion to dismiss for failure to prosecute, the facts, as set forth *supra,* leading up to the dismissal order clearly indicate that the conditional preclusion order of Justice Mercorella, mentioned *supra,* generated it.

In *Maitland v Trojan Elec. & Mach. Co.* (65 NY2d 614 [1985]), the Court of Appeals held that the doctrine of res judicata does not always bar a plaintiff from commencing a second action, after dismissal of an identical first action, where the order dismissing the first action does not indicate whether it was on the merits. When I compare the instant case to *Maitland (supra),* I find that the two cases are distinguishable, based upon the fact that preclusion orders, as discussed *supra,* led to the dismissal of the first action in the instant case, while preclusion orders played no role in the dismissal of the first action in *Maitland.* Significantly, the Court of Appeals, in its decision in *Maitland (supra),* emphasized the fact that the presence of preclusion orders can trigger the application of the doctrine of res judicata to bar a second action. In *Maitland,* the Court of Appeals reaffirmed the principles of the *Strange* decision *(supra).* In pertinent part, the Court of Appeals stated in *Maitland (supra,* at p 615) that: "This is not a case such as *Strange v Montefiore Hosp. & Med. Center* (59 NY2d 737) where plaintiff's second action constituted an attempt to circumvent an order of preclusion or summary judgment, the function of which is to effectively foreclose proponent's offer of proof. *(See also, Barrett v Kasco Constr. Co.,* 56 NY2d 830.)"

The majority contend that allegedly this dissent does not

address the factor of the infancy of the injured plaintiff. In response, we respectfully refer the majority to the second paragraph of page — of our dissent, where we specifically set forth that the injured infant plaintiff "was approximately 10 years old" at the time of the accident.

Accordingly, defendant's motion for summary judgment should have been granted.