■ NADIA FERRAN, as Parent and Natural Guardian of LAURA FERRAN, an Infant, Appellant, v BOARD OF EDUCATION OF THE CITY OF ALBANY, Respondent. [629 NYS2d 546] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Keegan, J.), entered March 14, 1994 in Albany County, which granted defendant's motion to dismiss the complaint.

Though directed by Supreme Court to do so, and having had some four months to accomplish it, plaintiff failed to secure substitute counsel so that this personal injury action could be restored to the trial calendar. This directive was prompted by the fact that, in April 1993, plaintiff's then-counsel had withdrawn from the case on the eve of trial. In these circumstances, the court cannot be faulted for having granted defendant's motion to dismiss the complaint (*see*, CPLR 3216 [d]; *Holley v Mandate Realty Corp.*, 121 AD2d 202, 206, *affd* 69 NY2d 721; *cf., Headley v Noto*, 22 NY2d 1, 4). It bears noting, however, that there being no explicit declaration to the contrary (*compare, Jones v Maphey*, 50 NY2d 971, 973), a dismissal of this sort is not considered to be on the merits and does not preclude commencement of a new action within the applicable Statute of Limitations (*see*, CPLR 3216 [a]; *Holley v Mandate*

*Realty Corp., supra,* at 204), if the same has not yet expired (*see,* CPLR 208; *McGill v Board of Educ.,* 59 AD2d 888, 888-889, *appeal dismissed* 43 NY2d 893, 949).

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.