■ ALAN SLOANE et al., Appellants, v WILLIAM KOPP et al., Respondents. [707 NYS2d 728] —Crew III, J. P. Appeal from an order of the Supreme Court (Lang, Jr., J.), entered May 20, 1999 in Albany County, which granted defendants' motion to dismiss the complaint for failure to prosecute.

Plaintiffs commenced this fraud and legal malpractice action in March 1996. After they were deposed in November 1997, plaintiffs sought no further discovery and, in November 1998, defendants served 90-day demands pursuant to CPLR 3216. In March 1999, after expiration of the 90-day period, plaintiffs' counsel, citing health reasons, moved to be relieved as attorney of record and requested that plaintiffs be afforded an opportunity to move to extend their time to respond to the 90-day demands. Defendants, in turn, cross-moved to dismiss the complaint for failure to prosecute.

Supreme Court granted counsel's motion to be relieved and granted defendants' cross motions to the extent that plaintiffs were directed to obtain substitute counsel within 30 days or the complaint would be dismissed with prejudice. At the end of the 30-day period plaintiffs requested an extension of time, and the court scheduled a conference at which plaintiffs advised the court that they were in the process of retaining new

counsel. Based upon plaintiffs' representation, the court adjourned the matter for one week and directed plaintiffs to appear with counsel on the adjourned date. When plaintiffs appeared without counsel on the adjourned date and the court's inquiries disclosed that substitute counsel had not been retained, the complaint was dismissed with prejudice, prompting this appeal by plaintiffs.

We affirm. Considering the lack of activity in this action since November 1997, the additional time afforded to plaintiffs based upon their representation that they were in the process of retaining new counsel, the clear warning that their failure to retain substitute counsel within the time allowed would result in dismissal with prejudice and the absence of both an excuse for their failure to retain substitute counsel and an affidavit demonstrating the merits of their claims, we perceive no abuse of discretion in either Supreme Court's dismissal of the complaint (*see, Ferran v Board of Educ.*, 217 AD2d 822) or its decision to do so with prejudice (*see, e.g., Danskin v Gunther*, 155 AD2d 859; *Alise v Colapietro*, 119 AD2d 921).

Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.