■ CINDY AGNELLINO, Appellant, v TOWN OF TIOGA, Respondent. [794 NYS2d 511]—

Lahtinen, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered March 10, 2004 in Tioga County, which granted defendant's motion to dismiss the complaint for failure to prosecute.

Plaintiff commenced this malicious prosecution action in July 2001 alleging that she was improperly charged with violating a local ordinance. Issue was joined in August 2001 and, following limited discovery, the parties' depositions were scheduled for January 2003. After plaintiff's counsel failed to examine defendant's witnesses as agreed, defendant served plaintiff with a proper demand on January 31, 2003 requiring plaintiff to serve and file a note of issue within 90 days (*see* CPLR 3216 [b] [3]). Plaintiff failed to comply with the demand and defendant moved to dismiss the complaint pursuant to CPLR 3216 (a). Supreme Court granted the motion and plaintiff now appeals.

We affirm. Having failed to comply with defendant's demand, plaintiff was required to show "justifiable excuse for the delay

and a good and meritorious cause of action" (CPLR 3216 [e]). In opposition to defendant's motion, plaintiff asserted that "disagreements" with her former counsel and her subsequent search for new counsel prevented the timely filing of the note of issue. The record reveals that plaintiff was served with the demand notice on January 31, 2003 and that counsel was not substituted until November 11, 2003, more than a month after the instant motion was made. Moreover, we agree with Supreme Court that "plaintiff has tendered no probative evidence tending to show the merit of her claims." In light of the above, we cannot say that Supreme Court abused its discretion in granting defendant's motion (see Sloane v Kopp, 272 AD2d 795, 796 [2000], lv denied 95 NY2d 763 [2000]; Hogan v City of Kingston, 243 AD2d 981, 982 [1997], lv dismissed and denied 91 NY2d 907 [1998]; De Lisa v Pettinato, 189 AD2d 988, 988 [1993]).

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.