Per Curiam.

This is an action to recover damages to plaintiff’s automobile resulting from a collision with a motor vehicle owned by corporate defendant. After trial, the court below rendered judgment dismissing plaintiff’s complaint and dismissing defendants’ counterclaim. Plaintiff’s motion for “ an order correcting decision ” of the trial court rendering judgment in favor of defendants and to amend the, same to provide that the plaintiff recover of the defendants the sum of $708.50; and the motion of defendants 1 ‘ for an order, in the event the court grants the motion of the plaintiff to amend the decision to provide that plaintiff, Martin G-. Taub, recover of the defendants the sum of $708.50, the amount demanded in the complaint herein that,' then, this court likewise amend the decision and judgment entered thereon so that the same provide that the defendant Ehrlich, Neuwirth & Sovo, Inc., recover of the plaintiff, Martin Gr. Taub, the sum of $685.75, the amount demanded in the counterclaim contained in the answer of the said defendant ”, were in effect motions to vacate the judgment of the court dismissing the complaint and dismissing the counterclaim of corporate defendant and for the rendition of entirely new and different judgments.
The trial court was without power to recall its decision and direct judgment in favor of plaintiff against the defendant in the sum of $708.50 and judgment in the sum of $685.75 in favor' of corporate defendant on its counterclaim ag*ainst plaintiff. The court’s power is limited to corrections which do not involve matters of substance. Where a change in the substance of the judgment is sought, the correct practice is to move to vacate or appeal (see 7 Carmody-Wait, New York Practice, § 127, pp. 366-367).
The judgment and order appealed from by each of the parties should be reversed and a new trial ordered, without costs to either party.
Concur — Hoestadteb, J. P., Hecht and Aurelio, JJ.
Judgment and order reversed, etc.