Jasen, J.
This appeal, here by our leave, requires us to determine the consequences of a trial court’s prior dismissal of a *3 complaint “ on the merits ” predicated upon a plaintiff’s failure to appear at the trial.
Prior to the institution of this action by the plaintiffs, Noto had himself commenced an action pursuant to former article 15 of the Real Property Law (now Real Property Actions and Proceedings Law, art. 15). When that action was reached for trial, Noto (as plaintiff in that action) did not appear and the action was dismissed. Thereafter, on June 12, 1964, he moved to open his default. This motion was granted and the ease was again set down for trial on June 18, 1964. On that date Noto again failed to appear, whereupon the trial court, after taking testimony with respect to his neglect to prosecute, dismissed the action “ on the merits ”.
On November 20, 1964, the instant action was commenced. Noto joined issue by serving an answer in which, inter alia, he interposed an affirmative defense and counterclaim alleging substantially the same facts as he had asserted in the complaint which had been dismissed “ on the merits ”.
Plaintiffs moved for summary judgment and the Judge in Special Term, finding that the dismissal of the earlier action was “ on the merits ”, involved the same parties and sought the same relief, dismissed Note’s counterclaim on the grounds of res judicata, and granted summary judgment in favor of plaintiffs.
Noto contends that despite the fact the judgment dismissing his earlier action for the same relief specified that it was “ on the merits ”, this language was a nullity. In support of this seemingly illogical position, he relies upon Mink v. Keim (291 N. Y. 300); Greenberg v. De Hart (4 N Y 2d 511), and Weisinger v. Berfond (9 N Y 2d 742), which held there could be no judgment entered against the plaintiff “ on the merits ” since such a judgment can only come at the close of the plaintiff’s evidence. The result, these cases held, was nothing more than a nonsuit.
Special Term took the position that the draftsmen of the CPLR sought to cure this anomalous situation and nullify the effect of the Mink holding with the enactment of CPLR 3216 (see 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3216.15).
The pertinent part of CPLR 3216 which is derived from former section 181 and in part from former section 482 of the Civil Practice Act reads as follows: ‘ ‘ Where a party unreasonably neglects to proceed * * * against any party who may be *4 liable to a separate judgment, * * * the court, on its own initiative or upon motion, may dismiss the party’s pleading on terms. Unless the order specifies otherwise, the dismissal is not on the merits.”
The threshold question here is whether the new statute had the effect of changing the Mink rule.
The Advisory Committee’s notes (First Report, N. Y. Legis. Doc., 1957, No. 6[b]) clearly indicate that the language in CPLR 3216 was not intended to be read in a manner that virtually eliminated the lower court’s authority to " specify otherwise ” when dismissing for want of prosecution. In discussing the new language in the first sentence of CPLR 3216 that the court may dismiss " on terms ”, the advisory notes state that" [T]he terms contemplated may include payment of the costs and reasonable attorney’s fees of the moving party, as well as any terms that may be imposed when a claim is voluntarily dismissed * * *
This would prevent litigants from circumventing the voluntary dismissal provisions by simply abandoning a claim.” (Id., p. 102.) From this language, we conclude that the new statute changes the rule in Mink v. Keim (supra).
It certainly should be within the power of a trial court to dispose of a case " on the merits and with prejudice ” where it has been adequately demonstrated that a plaintiff unreasonably neglected to prosecute an action. It is well recognized that the power to control its calendar is a vital consideration in the administration of the courts. (Cf. Thomas v. Melbert Foods, 19 N Y 2d 216.) Indeed, a litigant should be prevented from repeatedly bringing his claim into court, thereby harassing the other parties involved and clogging the court’s calendar.
However, in the instant case, plaintiffs are asserting legal title to real property in dispute, and the defendant lays claim to an equitable title. The merits of defendant’s contentions were never adjudicated in any prior action.
While as a general rule a plaintiff whose action has been dismissed " on the merits ” for such want of prosecution as appears here should be barred from again bringing an action or asserting a counterclaim on the same claim, he is not precluded from asserting the same facts defensively in an action brought against him involving the same subject matter or arising out of the same transaction. This is consonant with the philos *5 ophy underlying CPLR 203 (subd. [c]) which provides that a defense or counterclaim ordinarily barred by the Statute of Limitations can be asserted as a setoff if it arose out of the transaction upon which the affirmative claim is asserted.
However, the case before us presents a situation which we deem sui generis. If the court were to strike defendant’s counterclaim but permit his allegations to remain merely as a defense, the title to the property involved might well be kept in a most unsatisfactory and unsettled state: the result might be that legal title would rest in the hands of one party and equitable title in the hands of the other. Accordingly, and, we repeat, under the peculiar circumstances of the case before us, we conclude that defendant’s counterclaim may stand and that, if he establishes his claim, he is entitled to relief on the counterclaim, even though he would not have been entitled to obtain such relief by way of a separate action instituted by him.
The judgment appealed should be reversed and the matter remanded to the Supreme Court for further proceedings in accordance with this opinion.