*226 OPINION OF THE COURT
Myriam Altman, J.
Petitioner, Bankers Trust, moves to vacate the dismissal of this proceeding. For the reasons stated below the motion is denied.
Bankers Trust commenced this summary proceeding on or about June 19, 1978, seeking 12 months’ rent for the period from July 1, 1977, through June 30, 1978. After respondent interposed an answer, the case was set for trial on June 26, 1978. However, the matter was not tried on that date or on the four or five subsequent adjourned dates granted at petitioner’s request.
On the next to last adjourned date, an adjounment to August 8 was consented to upon the conditions that respondent be awarded $25 in costs and that petitioner start repairs immediately. When the matter came before me on August 8, the landlord failed to appear. Petitioner’s attorney requested yet another adjournment or, in the alternative, a dismissal without prejudice. Respondent objected and maintained that despite the conditions for the August 8 adjournment, petitioner had not commenced repairs, that the hazardous conditions in the apartment had been in existence for over a year, and that validated money orders in respondent’s possession demonstrated that petitioner was claiming twice the rent to which it was entitled. On the basis of respondent’s argument, I dismissed the proceeding with prejudice to the right of the landlord to institute summary proceedings for any of the rents sought in the petition.
Bankers Trust bases its motion on two grounds. The first contention is that the landlord’s failure to appear was excusable. The second argument is that dismissal of a summary proceeding cannot be "with prejudice”.
CPLR 5015 provides for relief from a judgment or order upon the ground of: 1. excusable default; or 2. newly-discovered evidence; or 3. fraud, misrepresentation, or other misconduct of an adverse party; or 4. lack of jurisdiction to render the judgment or order; or 5. reversal, modification or vacatur of a prior judgment or order upon which it is based.
The only possible ground upon which petitioner could move under CPLR 5015 is excusable default. However, the excuse Bankers Trust put forth in its papers is "that an agent on behalf of the landlord who was in charge of this case, one *227 Gilbert Price, was in the process of leaving the employ of the managing agent, Milton Herman’s office.” This reason is insufficient to warrant vacatur of the dismissal. Neglect by the petitioner or its attorney (see Mangum v Marson Constr. Corp., 57 AD2d 587) and law office failures (Allen v Berton, 55 AD2d 1049) do not provide a basis for excusing a petitioner’s "default,” especially here where respondent has been to court many times and has yet to face his landlord in a trial on the merits. To excuse petitioner at this point would seriously prejudice respondent (see Coughlin v Merchants Mut. Ins. Co., 58 AD2d 913). I also note that Bankers Trust has not demonstrated that it has a meritorious claim (Mangum v Marson Constr. Corp., supra) by rebutting the defense made out by respondent in court on August 8.
Bankers Trust’s argument that dismissal of a summary proceeding cannot be "with prejudice” also fails. Where a change in the substance of a judgment is sought, the party must move to vacate the judgment or take an appeal (Herpe v Herpe, 225 NY 323; Taub v Ehrlich, Neuwirth & Sovo, 32 Misc 2d 661; CPLR 5015). Because the second basis for petitioner’s motion does not fall into one of the grounds enumerated in CPLR 5015, petitioner’s remedy would have been to take an appeal from the decision of August 8.
In any event, Bankers Trust’s claim that there is no legal basis for dismissing the petition with prejudice is incorrect as a matter of law. The court is empowered to dismiss an action on the merits (CPLR 5013). This power applies equally in summary proceedings (CPLR 103, subd [b]).
Grounds for dismissal on the merits include neglect to prosecute (Headley v Noto, 22 NY2d 1; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C3216:12, p 922). The Court of Appeals stated in Headley v Noto (supra, p 4) that "[i]t certainly should be within the power of a trial court to dispose of a case 'on the merits and with prejudice’ where it has been adequately demonstrated that a plaintiff unreasonably neglected to prosecute an action. It is well recognized that the power to control its calendar is a vital consideration in the administration of the courts. Indeed, a litigant should be prevented from repeatedly bringing his claim into court, thereby harassing the other parties involved and clogging the court’s calendar” [citation omitted].
While the timetable of CPLR 3216 concerning dismissal for want of prosecution can only relate to actions, Headley im *228 plies that the power to dismiss on that basis is an inherent power of the court. Such powers have been exercised in landlord and tenant proceedings. "[I]nherent in the very power to act as a court is the further power to regulate litigation for the purpose of preventing abuses, correcting wrongs, and promoting the fair administration of justice. * * * The chief characteristic of a summary proceeding is urgency * *. * relative to every other kind of commercial lawsuit, trial is instant. The purpose of a summary proceeding is to secure a swift determination of the landlord’s claims against the tenant, and, if those claims are well founded, forthwith to restore the landlord to possession * * * [TJhere are some outrages not even a Judge can ignore. My power to act is inherent in the Civil Court’s power to entertain summary proceedings. It is a power to supervise, a power I exercise by dismissing the petitions” (Gramford Realty Corp. v Valentin, 71 Misc 2d 784, 785-786 [citation omitted]).
The Gramford case concerned a landlord who, having not demanded rent for a year, suddenly demanded the 12 months’ rent and, when that rent was not forthcoming, instituted summary proceedings. The court "conclude[d] that the landlord ha[d] perverted the device of summary proceedings” (Gramford Realty Corp. v Valentin, supra, p 786).
While the circumstances which inspired the Gramford decision were different from those now before me, the delay by Bankers Trust amounts to a similar abuse. Considering that a trial of a summary proceeding may not be adjourned more than 10 days unless by consent (Real Property Actions and Proceedings Law, § 745) and that respondent has opposed all adjournments except in one instance where the landlord agreed to pay costs to the tenant and to begin repairs immediately; Bankers Trust’s failure to begin repairs and to appear for trial constitutes serious disrespect for the proceedings of which it availed itself.
The single presence of failure to either appear for trial or to make repairs might not have been sufficient to prompt a dismissal with prejudice. However, I consider petitioner’s dual failure here to be the "exceptional circumstances” which warrant dismissal with prejudice (see Palmer v Fox, 28 AD2d 968, affd 22 NY2d 667).
The landlord cannot argue that it is inexperienced in the ways of the court. Respondent’s affidavit, to which petitioner has not bothered to respond, states that two proceedings (L&T *229 64214/77 and 93469/77) were dismissed for failure to make repairs and to appear in court. While this history is not directly relevant to the merits of petitioner’s motion, it nevertheless intensifies the appearance of bad faith on the part of the landlord.
Petitioner’s inexcusable behavior cannot be tolerated. Consequently, in exercise of my "power to supervise” (Gramford Realty Corp. v Valentin, 71 Misc 2d 784, 786, supra). I dismissed the petition with prejudice.