■ TRUSTEES OF THE FREEHOLDERS AND COMMONALTY OF THE TOWN OF SOUTHAMPTON, Respondent, v RAQUEL R. HEILNER, Defendant, and ANTHONY DE MARCO, Appellant.—In an action, *inter alia,* for a judgment declaring that the plaintiff is vested with absolute and unencumbered title in fee to certain property, the defendant Anthony De Marco appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Gowan, J.), entered April 1, 1987, which, upon granting the plaintiff's motion to dismiss his counterclaims for damages pursuant to CPLR 3404 as abandoned, is in favor of the plaintiff and against him on those counterclaims.

Ordered that the order and judgment is reversed, on the law, with costs, and the motion to dismiss is denied.

This action arises out of the appellant's attempt to purchase a plot of land in Shinnecock Bay in Southampton and erect a motel on it. The plaintiff commenced this action by service of a summons and complaint in June 1972 on the theory that it owned the subject land beneath the waters of Shinnecock Bay to the high-water mark. De Marco asserted counterclaims for damages based upon slander of title. The complaint was dismissed after trial in a judgment entered April 9, 1976,

which provided that the counterclaims against plaintiff "shall be tried upon 30 days notice at any time after the entry of this Order". Following numerous court actions and proceedings concerning the property in issue during the ensuing years, De Marco filed a notice of trial of the counterclaims nearly 10 years later, on January 14, 1986. The plaintiff then moved to dismiss the counterclaims as abandoned pursuant to CPLR 3404.

The self-executing provision of CPLR 3404 which authorizes the clerk of the court to dismiss an action for neglect to prosecute is inapplicable at bar, as there is no evidence that De Marco's counterclaims had ever been "marked 'off' or struck from the calendar or unanswered on a clerk's calendar call". Under the unusual circumstances in this case, there is no legal basis for the dismissal of De Marco's counterclaims on the grounds of abandonment, notwithstanding his inordinate delay in filing a notice of trial. There was no indication of any intent on De Marco's part to abandon the counterclaims during the interval between entry of judgment in his favor on the complaint and his notice of trial (see, Thompson v Thompson, 103 AD2d 772). Therefore, the counterclaims were not properly dismissed. Mangano, J. P., Brown, Lawrence and Harwood, JJ., concur.