■ GREGORY T. HARTE et al., Appellants, v THOMAS TRAPANI, Respondent. [722 NYS2d 770] —In an action, *inter alia*, to compel specific performance of a contract to sell real property and for a judgment declaring that the plaintiffs are entitled to possession of that real property, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated January 18, 2000, which, upon an order of the same court dated December 17, 1999, granting the defendant's motion for summary judgment on his second counterclaim for a declaration that he is entitled to possession of the subject property, and denying their cross motion for leave to amend their answer to the defendant's affirmative defense and counterclaims, *inter alia*, declared that the defendant is entitled to possession of the real property.

Ordered that the judgment is affirmed, with costs.

In March 1994 the plaintiffs and the defendant entered into a contract for the sale of the defendant's house, with an anticipated closing date of June 1, 1994. Under the contract, the plaintiffs were permitted to, and did, take possession of the house prior to closing title. Thereafter, title failed to close on the anticipated date.

In June 1995 the plaintiffs commenced this action seeking, *inter alia*, specific performance of the contract. In his answer, the defendant's second counterclaim sought a judgment declaring that he is entitled to possession of the real property. By judgment entered July 21, 1999, the Supreme Court dismissed the complaint with prejudice, and the defendant's counterclaims were severed. By order dated December 17, 1999, the Supreme Court granted the defendant's motion for summary judgment on his second counterclaim and denied the plaintiffs' cross motion for leave to amend their answer to the defendant's affirmative defenses and counterclaims. The Supreme Court, *inter alia*, declared that the defendant is entitled to possession of the real property, and the plaintiffs appeal.

Contrary to the plaintiffs' contention, the Supreme Court properly declared that the defendant is entitled to possession of the real property. The plaintiffs' possession of the premises was clearly in anticipation of, and dependent upon, the transfer of title to them. When the action for specific performance was dismissed, any right or claim they had to title was forfeited, as was their right to possession of the premises under the contract of sale (*cf., Headley v Noto,* 22 NY2d 1). Additionally, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion for leave to amend their answer to the defendant's affirmative defenses and counterclaims (*see, Greenstone Roberts Adv. v Hodes Adv.,* 260 AD2d 601; *see also, Licameli v Roberts,* 277 AD2d 1057; *Pahmer v Touche Ross & Co.,* 271 AD2d 371).

The plaintiffs' remaining contentions are without merit. Friedmann, J. P., Florio, McGinity and Luciano, JJ., concur.