OPINION OF THE COURT
Per Curiam.
Order dated July 3, 2003 reversed, with $10 costs, tenant’s motion granted and landlord’s cross motion denied.
In defense of a holdover summary proceeding instituted by landlord, the tenant interposed three affirmative defenses and six counterclaims, including counterclaims alleging negligent and intentional infliction of emotional distress and prima facie tort. The counterclaims were severed “without prejudice” by an unappealed order of March 20, 2001, and the holdover proceeding was voluntarily discontinued by landlord in May 2001. Tenant moved, in July 2002, “to place the counterclaims ... on the appropriate Civil Court calendar for trial,” prompting the landlord’s cross motion to dismiss the counterclaims as abandoned pursuant to 22 NYCRR 208.14 (c).
The court rule sought to be invoked by landlord, headed “Calendar default; restoration; dismissal,” finds no application in the case at bar, it being undisputed that tenant’s severed counterclaims had not been “stricken from the calendar” by virtue of a “calendar default.” In this procedural posture, and in the absence of a demand by landlord that tenant resume prosecution of the counterclaims pursuant to CPLR 3216 (b) (cf. Interstate Equip. Corp. v Bell, 288 AD2d 809 [2001]), “there is no legal basis for the dismissal of [tenant’s] counterclaims on the grounds of abandonment” (Trustees of Freeholders & Commonalty of Town of Southampton v Heilner, 143 AD2d 134, 135 [1988]). This is so notwithstanding tenant’s delay in prosecuting the counterclaims (id.).
Suarez, PJ., McCooe and Gangel-Jacob, JJ, concur.