OPINION OF THE COURT
Per Curiam.
Order dated July 28, 2004 affirmed, with $10 costs.
We agree that the reservation of rights provision contained in the parties’ March 11, 1999 settlement stipulation contemplated the institution of an independent, plenary action in the event that tenant chose to pursue the counterclaims asserted by her in the underlying summary eviction proceeding settled by the stipulation. Having followed that precise course by commencing a Supreme Court action mirroring the allegations of the earlier Civil Court counterclaims (an action ultimately dismissed on statute of limitations grounds), tenant may not now disregard the plain meaning of the prior settlement agreement and achieve a second bite at the apple by attempting to resurrect the counterclaims via the within motion to “restore” them to the Civil Court calendar (compare Greenburger v Diether, 10 Misc 3d 21 [2005] [decided herewith]). Viewed somewhat differently, “[t]he dismissal on statute of limitations grounds of [the] prior [Supreme Court action] seeking the same relief against essentially the same parties is sufficiently close to being on the merits to bar the [Civil Court remedy now sought by tenant] on the ground of res judicata” (Matter of Ferranti v New York City Prop. Clerk’s Off., 6 AD3d 178, 179 [2004], citing, inter alia, Smith v Russell Sage Coll., 54 NY2d 185, 194 [1981]).