Suarez, P.J. (dissenting).
The issue on this appeal is whether a party who, in a written stipulation, reserves her rights with respect to counterclaims should be allowed to pursue the counterclaims where the counterclaims have never been on the calendar, where the counterclaims have not been litigated on the merits and where the adversary has served no notice to resume prosecution as required by CPLR 3216 (b) (3). I find that she should. There is no legal basis for the denial of the motion of Eva Bogushawa Dobrolowicz to place her counterclaims on the calendar for trial. (See Trustees of Freeholders & Commonalty of Town of Southampton v Neil *25 ner, 143 AD2d 134, 135 [2d Dept 1988].) Nothing in the settlement agreement states that the counterclaims had to be asserted in a plenary action as landlord claims, and the majority’s assertion that “tenant may not now disregard the plain meaning of the prior settlement agreement and achieve a second bite at the apple by attempting to resurrect the counterclaims via the within motion to ‘restore’ them to the Civil Court calendar” (Greenburger v Diether, 10 Misc 3d 21, 24 [2005]) is misplaced. The plain language of the stipulation reads: “The parties agree that the Respondent reserve [sic] her rights as to alleged damage to physical property and personal injury, if any, against the Petitioner and or its agents” and we should take the plain and ordinary meaning of the stipulation from within the four corners. (See MTB Bank-in-Liquidation v Lloyd’s Underwriters of Directors, Officers & Co. Liab. Policy No. FD024940O, 7 AD3d 276 [1st Dept 2004].) Civil Court had jurisdiction of the counterclaims, the counterclaims were timely asserted and never dismissed, and one of tenant’s rights was to proceed on the timely asserted counterclaims in Civil Court. Had landlord intended to preclude tenant from doing so, the stipulation should have so read. Contrary to the assertion of the majority, tenant is not getting a second bite at the apple, since the dismissal of the subsequent Supreme Court action as time-barred, not on the merits, did not even give tenant a chance to put her teeth on the apple. (See Batavia Kill Watershed Dist. in County of Greene v Charles O. Desch, Inc., 83 AD2d 97, 99-100 [3d Dept 1981]; cf. Greenberg v City of Yonkers, 37 NY2d 907, 912 [1975] [Jasen, J., dissenting]; Gargiulo v Oppenheim, 95 AD2d 484, 492-493 [1983].) The majority’s reliance on Matter of Ferranti v New York City Prop. Clerk’s Off. (6 AD3d 178 [1st Dept 2004]) and citation to Smith v Russell Sage Coll. (54 NY2d 185 [1981]) is misplaced. In those cases, the subsequent actions were dismissed because the causes of action asserted were sufficiently similar to earlier claims which were already dismissed on statute of limitations grounds, clearly not what occurred in this matter. The commencement of the subsequent action in Supreme Court should not result in a bar to restoration of the counterclaims herein, as the majority finds. The Supreme Court action was commenced for the purpose of convenience and economy, since an additional party, not involved in the Civil Court matter, was involved in the case, and Civil Court would not have had monetary jurisdiction over the claims asserted against the additional party (cf. CCA 208 [b]). Tenant would then have had to make a motion in *26 the Supreme Court action to have the Civil Court action removed to Supreme Court.
Gangel-Jacob and Schoenfeld, JJ., concur; Suarez, EJ., dissents in a separate memorandum.