■ GERMAINE CHAVEZ et al., Appellants, v 407 SEVENTH AVE-NUE CORP. et al., Respondents. [833 NYS2d 219]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals, by permission, from an order of the Appellate Term of the Supreme Court, Second and Eleventh Judicial Districts, dated November 7, 2005 [10 Misc 3d 33], which affirmed an order of the Civil Court of the City of New York, Kings County (Rubin, J.), dated April 1, 2004, granting the motion of the defendant From Head to Toe of Brooklyn, Inc., Beauty Center, sued herein as From Head to Toe of Brooklyn, Inc., and the separate motion of the defendants 407 Seventh Avenue Owners Corp., sued herein as 407 Seventh Avenue Corp., Roman Katsnelson, and Yury Leschinsky, inter alia, to dismiss the action as abandoned pursuant to CPLR 3404.

Ordered that the order dated November 7, 2005 is reversed,

on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the order of the Civil Court of the City of New York, Kings County, dated April 1, 2004, is reversed, and the defendants' motions, inter alia, to dismiss the action as abandoned pursuant to CPLR 3404 are denied.

The plaintiff commenced this personal injury action in the Civil Court of the City of New York, Kings County, in 1996. The action appeared on the "ready" trial calendar on May 31, 2001. The plaintiff failed to appear on that date, and the action was "marked off" the calendar. The plaintiff never moved to restore the action to the trial calendar, and in 2004 the defendants made separate motions to dismiss the action pursuant to CPLR 3404 for failure to prosecute. The Civil Court granted the defendants' motions, and the plaintiff appealed to the Appellate Term of the Supreme Court for Second and Eleventh Judicial Districts.

In a 2-1 decision, the Appellate Term affirmed the Civil Court's order dismissing the action. In doing so, the Appellate Term overruled several decisions in which that court had held that CPLR 3404 did not apply to Civil Court actions. The plaintiff, by permission of the Appellate Term, appeals to this Court. We reverse.

CPLR 3404 provides that "[a] case in the supreme court or a county court marked 'off' or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute." The Appellate Term majority acknowledged that CPLR 3404, by its terms, applies only to actions in the Supreme Court or the County Court, but concluded that the statute could properly be applied to the lower courts through New York City Civil Court Act § 2102, which provides that "[t]he CPLR and other provisions of law relating to practice and [procedure] in the supreme court, notwithstanding reference by name or classification therein to any other court, shall apply in this court as far as the same can be made applicable and are not in conflict with this act."

As the Appellate Term dissenting Justice correctly observed, however, CPLR 3404 does in fact conflict with the provision of the Uniform Rules for the New York City Civil Court governing matters marked off the trial calendar (see 22 NYCRR 208.14 [c]), which, unlike CPLR 3404, makes no provision for the dismissal of an action that has been marked off the trial calendar. The Civil Court's rules previously contained a section which, in language similar to that of CPLR 3404, provided for the

automatic dismissal of actions as abandoned if no motion to restore was made within one year after the case was marked off the calendar (*see* 22 NYCRR former § 2900.17). That provision, however, was repealed, effective January 6, 1986. The Civil Court rule which now governs actions stricken from the calendar (*see* 22 NYCRR 208.14 [c]) makes no provision for dismissing an action for neglect to prosecute (*see LoFredo v CMC Occupational Health Servs.*, 189 Misc 2d 781 [2001]). The replacement of a provision authorizing dismissal with a provision that does not authorize dismissal presumably reflects a deliberate choice to omit any authorization for such a dismissal. Applying the automatic dismissal provision of CPLR 3404 in Civil Court actions conflicts with that deliberate omission, and, therefore, is not permitted by New York City Civil Court Act § 2102.

Contrary to the conclusion of the Appellate Term majority, this Court's decision in *Gonzalez v First Natl. Supermarket* (232 AD2d 609 [1996]) should not be read as "implicitly approv[ing] of the application of CPLR 3404 in the Civil Court" (*Chavez v 407 Seventh Ave. Corp., id.* at 35), as the issue of the statute's applicability was not presented in that case.

Accordingly, CPLR 3404 does not apply to Civil Court actions, and the Civil Court had no authority to dismiss this action as abandoned. Therefore, the defendants' motions, inter alia, to dismiss the action should have been denied.

The parties' remaining contentions are without merit, are not properly before us, or have been rendered academic in light of our determination. Prudenti, P.J., Fisher, Carni and McCarthy, JJ., concur.