[895 NYS2d 770]

Marvin Johnson, Plaintiff, v Rockaway One Company, LLC, Defendant.

Civil Court of the City of New York, Queens County, November 17, 2009

### APPEARANCES OF COUNSEL

*David C. Wims*, Brooklyn, for plaintiff. *Michael R. Koenig*, New Rochelle (*Hal D. Weiner* of counsel), for defendant.

## OPINION OF THE COURT

CARMEN R. VELASQUEZ, J.

The decision and order on this motion by plaintiff, Marvin Johnson, for an order restoring this action to the trial calendar is as follows:

This action, which was commenced in 1995, was marked off the calendar and restored on several occasions. It was last marked off the calendar on January 17, 2002.

A pro se motion to restore the action to the trial calendar was submitted on March 26, 2006. This motion was denied by an order of Judge Culley dated May 12, 2006 for failure of the plaintiff to present either an excusable default or a meritorious claim. A subsequent pro se motion for reargument and/or renewal of that motion was denied by an order of Judge Culley dated February 7, 2007. More than two years later, the plaintiff, who is now represented by an attorney, again moves to restore the action to the trial calendar. The instant motion is based upon facts that existed and were relied upon at the time of the determinations made by Judge Culley. Therefore, the decisions rendered by Judge Culley will not be disturbed by this court (*see Nong Yaw Trakansook v 39 Wood Realty Corp.*, 18 AD3d 633 [2005]).

The defendant has not cross-moved to dismiss the action. However, in the opposing affirmations the defendant requests both that plaintiff's motion be denied and the action dismissed. The issue presented is whether this court is precluded from dismissing the action by the Appellate Division, Second Department decision in *Chavez v 407 Seventh Ave. Corp.* (39 AD3d 454 [2007]), which held that Civil Court actions cannot be dismissed for failure to prosecute since CPLR 3404 does not apply to Civil Court actions.

In the *Chavez* case, the action had been marked off the calendar three years before the Civil Court granted motions made by the defendants to dismiss the action pursuant to CPLR 3404 for failure to prosecute. The dismissal orders were affirmed by the Appellate Term. However, the Appellate Division, Second Department reversed and denied the motions, ruling unequivocally that "CPLR 3404 does not apply to Civil Court actions, and the Civil Court had no authority to dismiss this action as abandoned." (*Chavez v 407 Seventh Ave. Corp.* at 456; *see also Harris v Stern & Montana, LLP*, 16 Misc 3d 136[A], 2007 NY Slip Op 51619[U] [2007]; *LoFredo v CMC Occupational Health Servs.*, 189 Misc 2d 781 [2001].)

The Appellate Division observed that CPLR 3404 conflicted with the New York City Civil Court rule which governs matters marked off the trial calendar and makes no provision for the dismissal of such actions (see 22 NYCRR 208.14 [c]). The Civil Court rule provides only that such actions may be restored by motion made within one year after the action or proceeding has been stricken. Also noted was the fact that the Legislature had replaced an earlier Civil Court rule, which provided for the automatic dismissal of actions marked off the calendar as abandoned, if no motion to restore was made within one year (see 22 NYCRR former 2900.17), with the current Civil Court rule, which makes no provision for dismissing an action for neglect to prosecute (see 22 NYCRR 208.14 [c]). The Appellate Division reasoned that "[t]he replacement of a provision authorizing dismissal with a provision that does not authorize dismissal presumably reflects a deliberate choice to omit any authorization for such a dismissal." (Chavez at 456.) Therefore, it concluded that Civil Court actions marked off the calendar cannot be dismissed pursuant to CPLR 3404 for failure to prosecute (id.).

In this case, the dismissal sought by the defendant is not the dismissal for failure to prosecute authorized by CPLR 3404. The defendant's request for dismissal is predicated upon the plaintiff's inability to establish a reasonable excuse for the failure to restore the action to the calendar within one year and a meritorious cause of action, as required to restore this action to the trial calendar (see Sawak v Brown, 20 Misc 3d 136[A], 2008 NY Slip Op 51536[U] [2008]; Ambrose v Rudzewick, 19 Misc 3d 143[A], 2008 NY Slip Op 51100[U] [2008]). There is no reason to conclude that the Legislature, when it omitted authorization for the dismissal for failure to prosecute of Civil Court actions marked off the calendar for more than one year, intended to preclude the dismissal of Civil Court actions which it has been determined cannot be restored to the trial calendar (see Babickaia v Kanevsky, 20 Misc 3d 1128[A], 2008 NY Slip Op 51650[U] [2008]; 475-481 W. 159th St. Realty Corp. v Gerlain, NYLJ, July 13, 2006, at 22, col 3, 2006 NY Misc LEXIS 2853 [2006]). To allow such actions to remain active, when they cannot be litigated, would unnecessarily clutter the Civil Court records and subject the defendant or defendants to a pending claim which cannot be pursued.

Accordingly, the plaintiff's motion to restore this action to the trial calendar is denied and the action is dismissed, without costs or disbursements.