OPINION OF THE COURT
Sabrina B. Kraus, J.
Background
This summary holdover proceeding was commenced by Bldg Management Co., Inc. (petitioner) against Joaquin Meija, the rent-stabilized tenant of record (respondent), seeking to recover possession of 523 West 187th Street, Apt 3c, New York, New York 10031 (subject premises), based on the allegation that respondent failed to maintain the subject premises as his primary residence.
Procedural History
The notice of nonrenewal issued on or about June 24, 2008, and advised that respondent’s lease, which was to expire on September 30, 2008, would not be renewed as respondent did not live in the subject premises, but allegedly resided instead at 601 West 190th Street, Apt 42, New York, New York 10040. The petition is dated October 10, 2008, and the proceeding was originally returnable in court on October 30, 2008.
The proceeding was adjourned from October 30, 2008 to November 24, 2008. On November 21, 2008, respondent ap *654 peared through counsel, and filed a verified answer. The second affirmative defense asserts that respondent had permanently vacated the subject premises and that his son, who has the same name as the respondent, became the tenant of record with the knowledge and consent of petitioner’s predecessor in interest.[1]
Petitioner moved for disclosure, and on May 18, 2009, the court issued an order granting petitioner’s motion. The court held that even though respondent admitted that he no longer resided in the subject premises, respondent also conceded signing renewal leases. The court held that petitioner was entitled to know when respondent vacated and when his son moved in. The court marked the proceeding off calendar pending disclosure.
The proceeding remained off calendar until March 10, 2011, when petitioner moved to compel respondent to comply with outstanding discovery.
Pending Motions
Petitioner moves for an order compelling respondent to comply with discovery, pursuant to the May 18, 2009 order of Judge Lebovits. Petitioner’s motion is supported only by an affirmation from counsel, which states that “recently I realized, in February 2011 that we never had our discovery and this matter was still pending.”
Petitioner served a notice of deposition and demand for a bill of particulars in July 2009. Respondent’s counsel sought to adjourn the deposition to August 2009, but never received any communication from petitioner about an adjourn date. Nothing further took place until February 15, 2011, when petitioner wrote to respondent’s counsel to reschedule the deposition.
Respondent cross-moves for an order deeming the within proceeding dismissed with prejudice, or otherwise dismissing the proceeding as abandoned, and for attorneys’ fees. Respondent relies on 22 NYCRR 208.14 as authority for the dismissal.
Respondent correctly argues that petitioner offers no explanation or excuse for the delay in proceeding with this case, and that the motion is not supported by an affidavit of merit. In regards to the request by petitioner to compel discovery, respon *655 dent takes the position that petitioner has waived the right to discovery by waiting so long to proceed.
Discussion
22 NYCRR 208.14 is Not Applicable while Proceedings are off Calendar for Discovery
Petitioner’s assertion that 22 NYCRR 208.14 is not applicable to housing court proceedings is incorrect. 22 NYCRR 208.1 (a) provides that “[t]his Part shall be applicable to all actions and proceedings in the Civil Court of the City of New York” (see also Centennial Restorations Co. v Wyatt, 248 AD2d 193 [1998] [holding 22 NYCRR 208.14 is applicable to housing court proceedings]).
22 NYCRR 208.14 is titled “Calendar default; restoration; dismissal.” Section 208.14 (a) reads “Applicability. This section governs calendar defaults, restorations and dismissals.”
Section 208.14 (b) provides that at any scheduled appearance, if a party does not appear or is not ready to proceed, the court may grant a default and order an inquest or dismissal, where one party has defaulted, or if neither party appears the court may strike the case from the calendar.
Section 208.14 (c) reads:
“Actions stricken from the calendar may be restored to the calendar only upon stipulation of all parties so ordered by the court or by motion on notice to all other parties, made within one year after the action is stricken. A motion must be supported by affidavit by a person having firsthand knowledge, satisfactorily explaining the reasons for the action having been stricken and showing that it is presently ready for trial.”
Section 208.14 (d) then provides for the appropriate procedure if restoration is granted.
This proceeding was never marked ready for trial, nor was it marked off calendar due to either party’s default; rather it was marked off calendar, in the pretrial phase of the proceeding, by the court, while the parties completed discovery.
In summary proceedings marked off the calendar by the court for discovery the Appellate Term has held that 22 NYCRR 208.14 is inapplicable (Zapeo 1500 Inv., L.P. v 1500 Broadway Chili Co., Inc., 12 Misc 3d 127[A], 2006 NY Slip Op 50879[U] [2006]; Classic Equities, LLC v Herman, 9 Misc 3d 137[A], 2005 NY Slip Op 51734[U] [2005] [pending discovery and in the *656 absence of an established trial date 22 NYCRR 208.14 is not applicable]).
Respondent cites a housing court decision in Midwest Ventures LLC v Baron (NYLJ, Jan. 29, 2010, at 26, col 3), where the court dismissed the proceeding finding that there was a presumption of abandonment, because the case had been off calendar for three years for discovery. However, that decision was reversed by the Appellate Term in Midwest Ventures LLC v Baron (29 Misc 3d 132[A], 2010 NY Slip Op 51922[U] [2010]), wherein the Appellate Term held that 22 NYCRR 208.14 was inapplicable to the facts in that proceeding, because the proceeding had not been stricken or marked off calendar, as contemplated by section 208.14.
This court concludes, based on the foregoing authority, that 22 NYCRR 208.14 is not applicable to summary proceedings that have been marked off calendar by the court or the parties for discovery (Rosario v Ortiz Funeral Home, 20 Misc 3d 12 [2008] [stipulation to strike notice of issue to allow for completion of discovery case reverted to pre-notice of trial status making 22 NYCRR 208.14 inapplicable]). Rather, that court rule is clearly intended to apply to cases which have been marked ready for trial, where one party defaults or is not ready to proceed.
22 NYCRR 208.14 Provides No Authority for Dismissal of a Proceeding
Generally speaking, mere delay in and of itself is not a basis for dismissal of a proceeding (Walker v Saftler, Saftler & Kirschner, 11 Misc 3d 141 [A], 2006 NY Slip Op 50692[U] [2006] [courts do not possess the power to dismiss an action for general delay]; Classic Equities, LLC v Herman, supra).
In Chavez v 407 Seventh Ave. Corp. (39 AD3d 454 [2007]), the Appellate Division held that 22 NYCRR 208.14 “makes no provision for the dismissal of an action” (at 456). Moreover, the Court noted that the provision providing for dismissal had been specifically deleted from an earlier version of the rules by amendment. The Court held:
“The Civil Court’s rules previously contained a section which, in language similar to that of CPLR 3404, provided for the automatic dismissal of actions as abandoned if no motion to restore was made within one year after the case was marked off the calendar (see 22 NYCRR former 2900.17). That provision, however, was repealed, effective January 6, *657 1986. The Civil Court rule which now governs actions stricken from the calendar (see 22 NYCRR 208.14 [c]) makes no provision for dismissing an action for neglect to prosecute (see LoFredo v CMC Occupational Health Servs., 189 Misc 2d 781 [2001]). The replacement of a provision authorizing dismissal presumably reflects a deliberate choice to omit any authorization for such a dismissal.” (Chavez at 456.)
The Appellate Division concluded by holding that Civil Court had no authority to dismiss the action as abandoned (id.).
Respondent cites Escobar v Deep dale Gen. Hosp. (172 AD2d 486 [1991]) for the proposition that “where a motion to restore a summary proceeding is not made within a year, the proceeding is deemed abandoned and the motion to restore is treated as one to vacate an automatic dismissal” (Mar. 18, 2011 aff of M. Weinstein, para 7).
However, Escobar has no bearing on summary proceedings. Escobar was a medical malpractice action brought in Supreme Court, and the applicable statute discussed in the decision is not 22 NYCRR 208.14, but CPLR 3404, which as noted above is not applicable to summary proceedings (Chavez, supra).
This court has not discovered, nor has counsel cited, any post-Chavez appellate authority dismissing a summary proceeding, for failure to prosecute, based on an application made pursuant to 22 NYCRR 208.14. Even prior to Chavez, the Appellate Term, First Department, consistently held that 22 NYCRR 208.14 was not applicable, absent a default or failure to proceed on a trial ready case.
For example in Greenburger v Diether (10 Misc 3d 21 [2005]) the Appellate Term held:
“The court rule sought to be invoked by landlord, headed ‘Calendar default; restoration; dismissal,’ finds no application in the case at bar, it being undisputed that tenant’s severed counterclaims had not been ‘stricken from the calendar’ by virtue of a ‘calendar default.’ In this procedural posture, and in the absence of a demand by landlord that tenant resume prosecution of the counterclaims pursuant to CPLR 3126 (b), ‘there is no legal basis for the dismissal of [tenant’s] counterclaims on the grounds of abandonment.’ ” (Id. at 22 [citations omitted and emphasis added].)
This is so notwithstanding tenant’s delay in prosecuting the counterclaims.
*658 Four-Prong Test to Evaluate a Motion to Restore is Based on CPLR 3404 and Therefore Inapplicable to Summary Proceedings
There is a line of cases holding that when a proceeding has been marked off calendar for over one year, and a motion to restore is made, a four-prong test should be followed to determine whether said motion should be granted. However, the presumption of abandonment and the four-prong test necessary to overcome that presumption are not based on 22 NYCRR 208.14, but on CPLR 3404, which has been held inapplicable to Civil Court cases by Chavez.
For example, in 43-45 E. 60th LLC v Kim (5 Misc 3d 1026[A], 2004 NY Slip Op 51575[U] [2004]) and 305 Riverside Corp. v Parnassus (20 Misc 3d 1109[A], 2008 NY Slip Op 51287[U] [2008]), the court applied the four-prong test in evaluating an application pursuant to 22 NYCRR 208.14, but in both cases, the court relied on Appellate Division precedents that were based on CPLR 3404.[2] (See also Berger E. Corp. v Grigg, 6 Misc 3d 76 [2004]; Williams v A&S Dept. Store, 5 Misc 3d 140[A], 2004 NY Slip Op 51665DJ] [2004]; Barreto v Kotaj, 23 Misc 3d 142[A], 2009 NY Slip Op 51057[U] [2009]; Morrell v Violet Towers, Inc., 11 Misc 3d 138[A], 2006 NY Slip Op 50547[U] [2006]; Negron v New York City Hous. Auth., 2 Misc 3d 138[A], 2004 NY Slip Op 50259[U] [2004] [all pre-Chavez cases citing CPLR 3404 as authority for four-prong test].)
CPLR 3216 Provides Applicable Authority for Dismissal Based on Failure to Prosecute
The only applicable statutory provision for dismissal for want of prosecution is CPLR 3216. The applicability of CPLR 3216 to a summary proceeding has not been extensively explored in reported cases, the statute provides:
“[CPLR] 3216. Want of prosecution
“(a) Where a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof . . . the court, on its own initiative or upon motion, may dismiss the party’s pleading on terms.”
*659 The statute provides for further conditions which must be met in order for the case to be subject to dismissal. These include that: issue must have been joined in the action; one year must have elapsed since the joinder of issue; a written demand must be served on the party against whom said relief is sought requiring that prosecution of the proceeding be resumed, and the case must be restored for trial within 90 days after receipt of said demand (CPLR 3216 [b] [3]).
This statutory provision is seldom discussed in summary proceedings. That may be because the statute specifically references a note of issue, which is not applicable to summary proceedings, and because the time frames provided seem to be at odds with expectations of the lengths of time applicable to summary proceedings.
In a 1979 case, Bankers Trust v Jackson (99 Misc 2d 225), the Civil Court Judge held, in the context of a summary nonpayment proceeding, that grounds for dismissal on the merits included neglect to prosecute, referencing CPLR 3216 and the Court of Appeals decision in Headley v Noto (22 NY2d 1 [1968]). The court held “the timetable of CPLR 3216 concerning dismissal for want of prosecution can only relate to actions” but concluded that the court has the inherent power to dismiss for failure to prosecute based on Headley (99 Misc 2d at 227).
The Court in Headley held:
“It certainly should be within the power of a trial court to dispose of a case ‘on the merits and with prejudice’ where it has been adequately demonstrated that a plaintiff unreasonably neglected to prosecute an action. It is well recognized that the power to control its calendar is a vital consideration in the administration of courts.” (22 NY2d at 4.)
The applicability of CPLR 3216 to summary proceedings has been implicitly recognized in certain appellate decisions. For example, in Greenburger v Diether (10 Misc 3d 21 [2005]), the Appellate Term held that severed counterclaims from a summary holdover proceeding were not abandoned and that tenant was entitled to restore her counterclaims and proceed. The court found the counterclaims were not subject to dismissal as abandoned because the landlord had failed to make a demand that the tenant resume prosecution of the counterclaims pursuant to CPLR 3216 (b).
In Partnership 92 W., L.P. v Dobrolowicz (10 Misc 3d 23 [2005]), although the court affirmed the housing court judge’s *660 denial of the tenant’s motion to restore the counterclaims, Judge Suarez dissented from the majority. Judge Suarez cites the landlord’s failure to make a demand pursuant to CPLR 3216 (b) (3) that the tenant resume prosecution of the counterclaims, as one basis for his dissent. Thus while the majority held that the claim was barred by res judicata, the dissent’s reference to CPLR 3216 indicates that the provision is valid and applicable to summary proceedings.
This court finds that CPLR 3126 is applicable to summary proceedings. While the time frames in the statute may have been considered inapplicable to summary proceedings in the late 1970s, the reality of the practice today, particularly in New York County, is that it is not unusual for a holdover proceeding involving discovery to take more than one year in the pretrial phase of the proceeding.
Moreover, while there is no note of issue applicable to summary proceedings, a party to a summary proceeding may invoke CPLR 3216 (b) (3) by serving a written demand “requiring [that] the party against whom such relief is sought . . . resume prosecution of the action” and further requiring that the party restore the case to the trial calendar within 90 days after the receipt of such demand.
Even though respondent’s motion could be construed as one pursuant to CPLR 3216, as the relief sought and the grounds stated are applicable, respondent has not made the requisite demand pursuant to CPLR 3216 (b) (3), requiring denial of the motion to dismiss.
Petitioner’s Motion to Compel Discovery
Respondent is directed to serve and file a response to the demand for a bill of particulars within 15 days. Respondent is directed to appear for a deposition, and comply with outstanding discovery requests within 30 days. Petitioner is directed to schedule and proceed with said deposition within said 30-day period. Any pretrial motions are to be served and filed by August 4, 2011.

. The court notes that petitioner has not sought to join respondent’s son as a party in this proceeding, and that respondent’s son has not sought to appear and assert any claim to possession in this proceeding.

. In 43-45 E. 60th LLC v Kim (5 Misc 3d 1026[A], 2004 NY Slip Op 51575[U] [2004]), the court cites Palermo v Lord & Taylor (287 AD2d 258 [2001]) as authority for the applicability of the four-prong test, but that was a Supreme Court action involving the application of CPLR 3404. In 305 Riverside Corp. v Parnassus (20 Misc 3d 1109[A], 2008 NY Slip Op 51287[U] [2008]) the court cites Kaufman v Bauer (36 AD3d 481 [2007]) as authority for the four-prong test, a medical malpractice addressing CPLR 3404.