OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is reversed, without costs, landlord’s cross motion to, on the ground of abandonment, “dismiss” the petition and strike the counterclaims is denied, and the matter is remitted to the Civil Court for a new determination of the branch of tenant’s motion seeking relief pursuant to CPLR 3126.
In this nonpayment summary proceeding, tenant interposed counterclaims for, among other things, a rent overcharge. Insofar as is relevant to this appeal, by order dated October 17, 2011, the Civil Court granted the branch of a cross motion by tenant seeking leave to conduct discovery (see CPLR 408) and directed landlord to comply with the discovery demands annexed to tenant’s papers. The court further stated, “[t]he matter is marked off calendar pending the completion of discovery. Either side may restore on motion or by stipulation.” In June of 2014, tenant moved, insofar as is relevant to this appeal, for relief pursuant to CPLR 3126, based on landlord’s failure to comply with the discovery order. Landlord cross-moved to “dismiss” the petition and strike the counterclaims, “based upon the parties [sic] abandonment of their claims.” Insofar as is relevant to this appeal, the court granted landlord’s cross motion and denied, in effect as academic, the branch of tenant’s motion seeking relief pursuant to CPLR 3126.
Notwithstanding the decision to the contrary in Johnson v Rockaway One Co., LLC (26 Misc 3d 901 [Civ Ct, Queens *103 County 2009]), relied upon by the Civil Court, the Civil Court had no authority to “dismiss” the petition and strike the counterclaims on the ground that the parties had abandoned their respective causes of action, since 22 NYCRR 208.14 (c), the Civil Court rule which governs actions stricken from the calendar, makes no provision for dismissing an action for neglect to prosecute (see Harris v Stern & Montana, LLP, 16 Misc 3d 136[A], 2007 NY Slip Op 51619[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; see also Chavez v 407 Seventh Ave. Corp., 39 AD3d 454 [2007]; Q-B Jewish Med. Rehabilitation, P.C. v Metlife Ins. Co., 42 Misc 3d 146[A], 2014 NY Slip Op 50354[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Consequently, landlord’s cross motion should have been denied.
Because the Civil Court granted landlord’s cross motion to “dismiss” the petition and strike the counterclaims, it denied, in effect as academic, the branch of tenant’s motion seeking relief pursuant to CPLR 3126. Therefore, the matter is remitted to the Civil Court for a new determination of that branch of tenant’s motion.
Accordingly, the order, insofar as appealed from, is reversed, landlord’s cross motion to, on the ground of abandonment, “dismiss” the petition and strike the counterclaims is denied, and the matter is remitted to the Civil Court for a new determination of the branch of tenant’s motion seeking relief pursuant to CPLR 3126.
Pesce, P.J., Weston and Aliotta, JJ., concur.