325 1st St. Apts., LLC v Diaz (2025 NY Slip Op 50510(U))

[*1]

325 1st St. Apts., LLC v Diaz

2025 NY Slip Op 50510(U)

Decided on April 4, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 4, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., MARINA CORA MUNDY, JOANNE D. QUIÑONES, JJ

2024-1091 K C

325 1st St. Apts., LLC, Respondent,
against
Zenaida Diaz and Jose Diaz, Appellants, Jane Doe, Undertenant. 

Rozen Law Group (Jennifer A. Rozen of counsel), for appellants.
Kucker, Marino, Winiarsky & Bittens, LLP (Lisa Faham-Selzer of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Hannah Cohen, J.), entered June 20, 2024. The order, insofar as appealed from as limited by the brief, denied the branches of Jose Diaz's motion seeking to restore this holdover summary proceeding to the calendar and, thereupon, for an award on his counterclaim for attorney's fees.

ORDERED that so much of the appeal as is by Zenaida Diaz is dismissed, as she is not aggrieved by the order appealed from (see CPLR 5511); and it is further,
ORDERED that the order, insofar as appealed from, is modified by providing that the branch of Jose Diaz's motion seeking to restore the proceeding to the calendar is denied as moot and by vacating so much of the order as denied the branch of Jose Diaz's motion seeking an award on his counterclaim for attorney's fees, and the matter is remitted to the Civil Court for a new determination of that branch of the motion; as so modified, the order, insofar as appealed from, is affirmed, without costs. 
In this nonprimary-residence holdover proceeding against tenant Zenaida Diaz and her son, Jose Diaz (occupant), occupant asserted an affirmative defense of succession rights to the premises and a counterclaim for attorney's fees. In a decision dated March 18, 2020, after a nonjury trial, the Civil Court (Thomas M. Fitzpatrick, J.) dismissed the petition, finding that occupant was the lawful successor to the subject apartment, and directed landlord to offer him a [*2]renewal lease. No final judgment was entered thereon (see CCA 1401). Four years later, occupant moved, insofar as is relevant here, to restore the matter to the calendar and, thereupon, for an award on his counterclaim for attorney's fees. By order entered June 20, 2024, insofar as appealed from as limited by the brief, the Civil Court (Hannah Cohen, J.) implicitly denied the branches of the motion seeking restoration and, thereupon, an award on occupant's counterclaim for attorney's fees, in effect holding that the counterclaim had been implicitly dismissed by the trial decision and noting that occupant should have appealed that decision.[FN1]

The trial decision was not an implicit denial of occupant's counterclaim for attorney's fees, as a claim for such fees does not ripen until a prevailing party can be identified. Since the counterclaim was never marked off the calendar or decided, restoration of the counterclaim was unnecessary (see Trustees of Freeholders & Commonalty of Town of Southampton v Heilner, 143 AD2d 134, 135 [1988]; cf. CPLR 3404 [regarding the abandonment of cases marked off the calendar in the Supreme Court or a County Court]; 22 NYCRR 208.14 [c] [regarding restoration of actions stricken from the calendar in Civil Court]; Cruz v Pena, 41 Misc 3d 143[A], 2013 NY Slip Op 52030[U] [App Term, 2d Dept, 2d, 11th, & 13th Jud Dists 2013] [applying 22 NYCRR 208.14 (c) to cases that were marked off the calendar]) and there was no procedural bar to the Civil Court's consideration of the branch of occupant's motion seeking an award on that counterclaim.
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of Jose Diaz's motion seeking to restore the proceeding to the calendar is denied as moot and by vacating so much of the order as denied the branch of Jose Diaz's motion seeking an award on his counterclaim for attorney's fees, and the matter is remitted to the Civil Court for a new determination of that branch of the motion. 
BUGGS, J.P., MUNDY and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 4, 2025

Footnotes

Footnote 1: We note that no appeal lies from a decision (see CCA 1702).