**Torres-Jimenez v Nationwide Ins.**

2025 NY Slip Op 33677(U)

October 7, 2025

Civil Court of the City of New York, Kings County

Docket Number: Index No. CV-725926-22/KI

Judge: Odessa Kennedy

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS       PART  41 NFA FINAL
_____

PEDRO-TORRES-JIMENEZ MD,
A/A/O MARIA, BAQUERO,                                          Index No. CV-725926-22/KI

                                    Plaintiff(s),               Motion Cal. #25-NFA & #26-REG
                                                                Motion Seq. #1
              -against-

NATIONWIDE INS.,                                                **DECISION AND ORDER**

                                    Defendant(s).              Recitation, as required by CPLR §2219(a) of the
                                                               papers considered in review of this Motion:
                                                               **Papers**
                                                               Plaintiff's motion …………..…    1
                                                               Defendant's cross-motion …...    2
                                                               Plaintiff's opposition…………    3
                                                               Defendant's opposition………    4
_____

Upon review of the foregoing cited papers and all proceedings heretofore had in this matter, and due deliberation having been had thereon, it is hereby decided as follows:

Plaintiff's Motion having been withdrawn, the Defendant's Cross-Motion, which was interposed solely in response thereto, is rendered academic and is therefore denied without prejudice. Under CPLR 2215, a Cross-Motion is an application for affirmative relief made in response to another motion and is dependent upon the existence of that pending motion. As the Second Department explained in Fried v. Jacob Holding, Inc., 110 A.D.3d 56, 64–65 (2d Dept 2013), "the most reasonable interpretation of CPLR §2215 is that a party seeking relief in connection with another party's motion is, as a general rule, required to do so by way of a cross-motion, at least to have a right that the request be determined on the merits".

The withdrawal of the underlying Motion extinguishes the procedural basis for the Cross-Motion, which cannot stand independently absent a separately noticed application. The Court exercises its inherent power to control its own calendar and the disposition of matters before it. See Headley v. Noto, 22 N.Y.2d 1 [1968]; Grisi v. Shainswit, 119 A.D.2d 418 [1st Dept 1986], which includes the authority to determine the procedural propriety of motions and cross-motions and to prevent unnecessary or duplicative litigation. As recognized by the Court of Appeals, the "power to control [the court's] calendar is a vital consideration in the administration of the courts," permitting the court to prevent the harassment of parties and the clogging of judicial dockets. Headley v. Noto, supra). The Court, in the sound exercise of that discretion, declines to entertain the Cross-Motion as an independent application and deems it moot following the withdrawal of the initiating Motion; and it is further

Furthermore "[u]nder the 'inherent powers doctrine,' this Court is vested with all powers reasonably required to enable it to: 'perform efficiently its judicial functions, to protect its dignity, independence and integrity, and to make its lawful actions effective. … Inherent judicial powers

[* 1]

1 of 2

derive not from legislative grant or specific constitutional provision, but from the fact it is a court … and to be a court requires certain incidental powers.'" *Wehringer v. Brannigan*, 232 A.D.2d 206 (1st Dep't. 1996). Under the "inherent powers doctrine," the Court is empowered to sua sponte dismiss an action in extraordinary circumstances. *Id.* "It certainly should be within the power of a trial court to dispose of a case 'on the merits and with prejudice' where it has been adequately demonstrated that a plaintiff unreasonably neglected to prosecute an action." *Headley v Noto*, 22 NY2d 1, 4 (1968).

This constitutes the Decision and Order of the Court.

Counsel for Plaintiff – Printed Name and Initials:   Oleg Rybak, Esq./OR

Counsel for Defendant – Printed Name and Initials:  Christopher Volpe, Esq./CV

Date:   October 7, 2025
        Brooklyn, New York                          _____
                                                    Hon. Odessa Kennedy
                                                    Civil Court Kings County

[* 2]